IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| KENISHA M. HAMILITON | * | |
| PLAINTIFF | * | CIVIL ACTION<br>FILE NO.  4-14-cv-187 (CDL) |
| v. | * | |
| ASPEN DENTAL MANAGEMENT, INC<br>LAUDERDALE DENTAL, LLC<br>CANDACE S. LAUDERDALE, D.M.D.<br>and LORI ESTRADA | *<br><br>*<br><br>* | Jury Trial Demanded |
| DEFENDANTS | | |

## **COMPLAINT**

### INTRODUCTION

COMES NOW Plaintiff in the above styled matter and files this Complaint for damages, and in support of this Complaint shows the Court as follows, to wit:

### SUMMARY OF ACTION

This is an action for damages against Defendants arising under the following statutes:

The Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981") and The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq., ("FLSA").

## JURISDICTION

1.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 in that it involves a Federal question arising under the laws of the United States.

## PARTIES

2.

Plaintiff in this case is an African American female citizen of the United States and the State of Georgia.

3.

Defendant ASPEN DENTAL MANAGEMENT, INC., (Hereinafter "ADM" or "ASPEN") is a FOREIGN corporation that is authorized to do business in the State of Georgia, and has its principal place of business in Georgia located at 6783 Veterans Parkway, Building #4, Columbus, Georgia 31909.  Defendant ADM may be served with process at the office of its registered agent for service of process in the State of Georgia: CORPORATION SERVICE COMPANY, as registered agent for Aspen Dental Management, Inc., 40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GEORGIA 30092.

4.

ADM is an employer for purposes of the FLSA and this action.

5.

Defendant LAUDERDALE DENTAL, LLC, (Hereinafter "LDL") is a DOMESTIC corporation that has its principal place of business located at 6783 Veterans Parkway, Building #4, Columbus, Georgia 31909.  Defendant LDL may be served with process at the office of its registered agent for service of process: NATIONAL CORPORATE RESEARCH, LTD, as registered agent for Lauderdale Dental, LLC, 3675 CRESTWOOD PARKWAY, SUITE 350, DULUTH, GEORGIA 30086.

6.

LDL is an employer for purposes of the FLSA and this action.

7.

Defendant CANDACE S. LAUDERDALE, D.M.D. is a citizen of the State of GEORGIA, and may be served with summons and process at her place of employment, ASPEN DENTAL, 6783 VETERANS PARKWAY, BUILDING #4 COLUMBUS, GEORGIA 31909.

8.

Defendant Lauderdale is an employer for purposes of the FLSA and this action.

9.

Defendant LORI ESTRADA is a citizen of the State of Georgia, and may be served with summons and process at her place of employment, Aspen Dental, at either the Newnan, Georgia location or the Columbus, Georgia, location. The address for the Newnan, Georgia location is Aspen Dental, 201 Newnan Crossing Bypass, Newnan, Georgia 30263; the address for the Columbus, Georgia, location is Aspen Dental, 6783 Veterans Parkway, Building #4, Columbus, Georgia 31909.

10.

Defendant Estrada is an employer for purposes of the FLSA and this action.

VENUE

11.

Venue in this case is proper under 28 U.S.C. § 1391(b) in that Defendants reside in this judicial district and/or a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## ADMINISTRATIVE REQUIREMENTS

12.

Because this is an action brought under 42 U.S.C. §1981 and the Fair Labor Standards Act, there exist no administrative requirements to complete prior to the filing of this litigation in a Court of competent jurisdiction.

## FACTS

13.

For purposes of liability under the facts of the instant action, Defendants Aspen Dental Management, Inc., and Lauderdale Dental, LLC, were Plaintiff's joint employers.

14.

Defendants Aspen Dental Management, Inc., and Lauderdale Dental, LLC, jointly operate a business known as Aspen Dental located at 6783 VETERANS PARKWAY, BUILDING #4, COLUMBUS, GEORGIA 31909. Herein below they are referred to collectively as "Aspen Dental."

15.

Defendant Lori Estrada is a district manager for Aspen Dental, and has oversight of a number of offices managed by, or otherwise owned, by ADM. Estrada works out of an ADM location in Newnan, Georgia.

16.

Plaintiff began her employment with Aspen Dental in September of 2013, as a Patient Service Representative.

17.

Prior to becoming employed by Aspen Dental, Plaintiff worked as a dental assistant in the military.

18.

When Plaintiff was hired, Aspen Dental had a white female Office Manager at the Columbus location named Stephanie McGee.

19.

On March 1, 2014, Plaintiff functionally replaced McGee as Office Manager; however, she was not given the formal, permanent title of Office Manager at that time, rather she was referenced Office Manager with no increases

in pay or benefits.

20.

Estrada and Lauderdale, acting for and on the behalf of Aspen Dental Management and Lauderdale Dental held a private meeting with Plaintiff and congratulated her on obtaining the position of 'Interim Office Manager' after McGee's departure. Plaintiff was also informed at this meeting that she would be paid at a rate equal to $40,000.00 per year and would be entitled to receive bonuses as a result of her new position.

21.

Plaintiff was informed that Interim Office Manager was an actual position within ADM, and that Estrada was responsible for submitting the proper paperwork to Human Resources. Estrada, however, did not submit the paperwork and Plaintiff was not paid at the agreed upon rate for the period of time she performed duties associated with the position of Office Manager. Plaintiff continued to be paid hourly, and she continued to be considered non-exempt by Defendants.

22.

While performing the duties normally associated with being an Office Manager, Plaintiff was also supposed to receive mileage pay and reimbursement for travel to and from any activities which occurred outside her assigned clinic. During the period wherein she performed the duties of Office Manager, Plaintiff attended three (3) meetings in Newnan, Georgia, and worked one day in Macon, Georgia for which she was not compensated for her mileage.

23.

During Plaintiff's two month tenure as Office Manager, she managed to help drive Aspen Dental's Columbus location to its two most financially successful months ever.

24.

Aspen Dental's success for the months of March and April, 2014, was due, in no small part to Plaintiff working virtually every day of every weekend, from the first week in March until her constructive termination and replacement by a white female during the first week in May of 2014.

25.

Due to Aspen Dental's system, Plaintiff logged into the system on the weekends that she worked, but she was under the impression she was not to clock in to ensure that she was properly compensated for the time she worked.

26.

Defendants were aware that Plaintiff was working this time on the weekends both because Plaintiff informed them directly and the computer logging system time-and-date stamped the work she generated on the system.

27.

Despite Defendants' awareness that Plaintiff was working hours for which she was not compensated, none of the Defendants took steps to insure she was properly compensated for her work.

28.

Each of the named Defendants to this action are employers for purposes of the FLSA as well as this action, and each had the ability to correct or otherwise rectify the situation regarding Plaintiff's lack of compensation for the weekend hours which she worked and for which they derived benefit. None of the

Defendants acted.

29.

As a result, Plaintiff worked an average of eight (8) hours per day for the nine (9) weekends from March 1, 2014, until May 6, 2014, for a total of 18 days or 144 hours.

30.

The 144 hours which Plaintiff worked for which she was not compensated were all overtime hours, for which Plaintiff was entitled to receive one and a half times her regular rate of pay.

31.

During the relevant period, Plaintiff's regular rate of pay was $14/hour; one and one half times that regular rate is $21/hr. (Though Plaintiff was promised a raise when she assumed the duties of Office Manager, no raise was forthcoming. Therefore, Plaintiff bases the following calculation only on her actual pay rate at the time; however, there is an argument that she would be owed even more per hour for overtime work, as well as for her non-overtime work given her extra duties and the oral contract and promises made to her by Estrada and Lauderdale upon which she relied.)

32.

Plaintiff is therefore owed $3,024 in unpaid overtime. (144 x $21 = $3,024) Because Defendants' conduct in failing to pay Plaintiff overtime was intentional, she is entitled to liquidated damages under the FLSA, as well as actual damages, for Defendants' failure to pay the overtime. The total amount of overtime pay and the attendant liquidated damages equals $6,048.00.

33.

Defendants also failed to provide Plaintiff with the incentive payments she was entitled to as a result of meeting, or exceeding, Aspen Dental's projections for the month of April, 2014 when she was de-facto Office Manager at the Columbus location. The exact amount of incentives and bonuses to which Plaintiff is entitled is to be determined during discovery and litigation but would likely exceed $2500. All Defendants are jointly and severally liable for the underpayments due to their being 'employers' within the meaning of the FLSA.

34.

In addition failing to pay Plaintiff for overtime worked in their employ and failing to provide her with the vested incentive compensation for meeting goals and projections, Defendants also discriminated against Plaintiff on account of her

race when they replaced her with a Caucasian female and constructively terminated Plaintiff.

35.

In or around the third week of March 2014, ADM caused a white female, Stacy, to begin work at the Columbus location of Aspen Dental.

36.

In the past, Stacy had been an Office Manager, but at the time she was installed at the Columbus office she had received a promotion to a floater position, assisting with more than one of the established offices.

37.

Despite being a floater, however, Stacy began spending more and more time at the Aspen Dental office in Columbus.

38.

Further, after she arrived, Stacy began to take on more and more managerial duties; Stacy also began to exclude Plaintiff from many matters in which Plaintiff should have been directly involved in, given her then position as the 'acting' Office Manager.

39.

The situation for Plaintiff began to get very hostile as a result of Stacy and Estrada's actions and assumptive behaviors.

40.

On May 6, 2014, Plaintiff was told by Defendants that she would not be getting the Office Manager position on a permanent basis, and she was replaced by a Caucasian.

41.

Defendants ADM and Estrada attempted to disguise their discriminatory action by offering Plaintiff an illusory position in an Aspen Dental office in Macon, Georgia.

42.

Plaintiff made an attempt to commute from Columbus to Macon to see if it could work out, but she discovered that it was an unreasonable task. When she asked about returning to work at the Columbus office, she was told there was no longer a position for her.

## THEORIES OF RECOVERY

### Count I
### The Civil Rights Act of 1866
### 42 U.S.C. § 1981 ("1981")

43.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

44.

Defendants' actions as set out above constitute an actionable violation of The Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981").

45.

As a result of Defendants' actionable conduct, Plaintiff is entitled to damages - general, compensatory, actual, and punitive - in an amount to be proven at trial and awarded according to the enlightened conscience of a jury.

46.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

Count II

The Fair Labor Standards Act of 1938, as amended.
29 U.S.C. §§ 201, et seq. ("FLSA")

47.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

48.

Defendants' actions as set out above constitute an actionable violation of The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA").

49.

As a result of Defendants' actionable conduct Plaintiff is entitled to damages - general, compensatory, liquidated, and punitive - in an amount to be proven at trial and awarded according to the enlightened conscience of a jury.

50.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

Count III

Punitive Damages

51.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

52.

Defendants' actions constitute willful misconduct, demonstrating wantonness, oppression, and the entire want of care which would raise the presumption or conscious indifference to the consequences that entitle Plaintiff to recover punitive damages pursuant to the punitive damage provisions of the statutory causes of action hereinabove stated.

Count IV

Attorney's Fees and Expenses

53.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

54.

Plaintiff is entitled to the costs and expenses associated with bringing and prosecuting this action, to include attorney's fees, pursuant to applicable law as contained within, and applicable to, the statutory causes of action contained herein above.

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays as follows:

a) that Summons issue and Defendants be served as by law provided;

b) that Plaintiff be awarded judgment in her favor with respect to all contentions in her Complaint;

c) that Plaintiff be awarded actual and liquidated damages as proven at trial;

d) that Plaintiff be awarded compensatory damages for mental and emotional suffering in an amount to be determined by the enlightened conscience of an impartial jury;

e) that Plaintiff be awarded punitive damages in an amount to be determined by a jury at trial to be sufficient to prevent such conduct as alleged herein from occurring in the future and commensurate with the harm done to Plaintiff;

f)   that Plaintiff be awarded reasonable attorney's fees and expenses of litigation;

g)   that all issues triable by jury be tried by a jury;

h)   that all costs of this action be taxed to Defendants; and

i)   for such other and further relief as unto this Court may seem just and equitable in the premises.

This 14th day of July, 2014.

<u>/S/John W. Roper</u>
John W. Roper

The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
Georgia Bar No: 614159

# VERIFICATION

**PERSONALLY APPEARED** before the undersigned officer authorized to administer oaths in and for said County and State, the undersigned party litigant, who being duly sworn and put to oath, does depose and say that the allegations made in the above foregoing pleading are true and correct to the best of the party's knowledge and belief.

This 14th day of July, 2014.

_____
**KENISHA HAMILTON**

Sworn to and subscribed before me
this 14th day of July, 2014.

_____
Notary Public, State of Georgia
My commission expires: 2-11-2018